Pratt, J.
—The payment seems to be proved. There seems to be no reason to doubt that the §170 was paid, as alleged.
The fact that the witness, Harrington, does not remember the talk about allowing two and one-half per cent interest, does not injuriously affect his credibility. That was a trifling matter, and there is no reason why it should be impressed on his mind.
But if he did not see the §170 paid he is guilty of wilful perjury. There is nothing in the case to impeach his character. The fact that he has been elected by his townsmen to the responsible office of assessor is evidence both of character and capacity.
No doubt evidence of payments to deceased persons not evidenced by written evidence, must be examined with ca,re, but we cannot wholly disregard testimony because one party to the transaction is dead.
There should be a new trial with liberty to plaintiffs to discontinue without costs, if so advised.
Barnard, P. J.., not sitting.
Dykman, J.
—This action is based upon a'promissory note, and the single question involved in the case has reference to a payment of §170 alleged to have been made by the defendant to the testator of the plaintiffs who was the payee of the said note.
The trial judge before whom the cause was tried without a jury found the payment unproven and directed judgment for the plaintiffs from which the defendant has appealed.
We cannot concur with the trial judge in the conclusion reached by him respecting the payment upon the note.
In the first place the payment was fully and circumstantially proven by a disinterested witness who was present and saw the money paid. He says *876 the defendant made an entry of the payment in a book which was produced upon the trial, and which contained the entry.
The defendant testified to the entry in the book also, and to the presence of the witness at the time it was made. He could not testify to the payment because the payee of the note was. dead.
These witnesses were uncontradicted, and if their testimony was untrue they have both committed wilful perjury and one of them has done so witlio .t any motive or inducement.
A circumstantial fact against the defendant is his declaration made at one time that he had no witness to the payment, and that declaration is against him so far as it has operation, but it was only declaratory of the state of his recollection at the time. It was not inconsistent with the presence of his witness and his failure to remember such presence is not at variance with common experience of men.
The book produced is confirmatory of the testimony of both of the witnesses, and wears no suspicious aspects. The entries against the testator of the plaintiffs are in regular chronological order with other accounts upon the same book; the preceding page contains an account and the other side of the same leaf wears an account of the defendant against the town of Beekman, of which town the defendant seems to have been an assessor.
Our conclusion is that the payment of the $170 was fairly and abundantly proven, and that its disallowance was erroneons.
The judgment should be reversed and a new trial granted, with costs to-abide the event.